UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN ROESLER,

    Plaintiff,

Civil No.: _____

vs.

FUTURE MOTION, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, FUTURE MOTION, INC. ("Defendant" or "Future Motion"), hereby files this Notice of Removal of the above-referenced action from the Circuit Court in the Twentieth Judicial Circuit in and for Lee County, Florida, in which it is now pending, to the United States District Court, Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

As grounds for removal, Defendant states as follows:

**I.      Relevant Background**

    1.      Plaintiff commenced this litigation by filing a Summons and Complaint on September 14, 2021, in the Lee County Clerk's Office. A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A,** and was served on Future

Motion, Inc. on January 4, 2022. According to Plaintiff's Complaint, Plaintiff Kevin Roesler alleges that Future Motion, Inc. was negligent in the designing, manufacturing, and/or warnings related to the Onewheel+ XR.

2. Defendant timely answered Plaintiff's Complaint on January 20, 2022, attached as **Exhibit B**.

## II. Papers from Removed Action.

3. Pursuant to 1.06(b) of the Local Rules for the Middle District of Florida, annexed hereto as **Exhibit C** is a copy of each publically-available paper docketed in the State Court, along with an Index of the State Court pleadings.

## II. The Removal is Timely.

4. Defendant was served with the Complaint on January 4, 2022. The initial pleadings did not indicate the case was removable. Plaintiff's counsel stipulated to an amount in controversy in excess of $75,000 meeting the jurisdictional requirements for removal to federal court on February 18, 2022, via email, annexed hereto as **Exhibit D**. Accordingly, this notice of removal is being filed within 30 days of the stipulation on the jurisdictional requirements for removal to federal court, and therefore, is timely under 28 U.S.C. § 1446(b)(3).

### III. Venue and Jurisdiction Are Proper in This Court

5. Venue is proper in the United States District Court for the Middle District of Florida as this is the District corresponding to and embracing the place where the state-court action was pending.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

### IV. Complete Diversity Exists

7. Plaintiff is a resident and citizen of the State of Florida. *See* **Exhibits A** at ¶ 1 and **D**.

8. Future Motion is diverse to Plaintiff. Defendant Future Motion, Inc. is a Delaware corporation, with its principal place of business in California. *Id.* at ¶ 2.

9. Because Plaintiff is a citizen of Florida and Defendant is not, diversity of citizenship exists under 28 U.S.C. § 1332.

### V. The Amount In Controversy Requirement is Satisfied

10. The value of the Plaintiff's alleged damages exceeds $75,000.00 based on Plaintiff's stipulation that this case meets the jurisdictional requirements for removal to federal court. *See* **Exhibit D**.

11. Where removal of a civil action is sought on the basis of diversity jurisdiction:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000] information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

(28 U.S.C. § 1146(c)(3)(A)).

12. Plaintiff stipulated to an amount in controversy in excess of $75,000 meeting the jurisdictional requirements for removal to federal court on February 18, 2022 via email. **Exhibit D**. Additionally, Plaintiff, in his Complaint, alleges to have sustained serious and permanent injuries including a severely broken right hip and a broken right wrist; mental anguish; pain and suffering; emotional distress; economic damages; and non-economic damages. *See* **Exhibit A** at ¶ 25. The claimed damages satisfy the amount in controversy requirement.

13. For these reasons, this Court has original jurisdiction over this action and removal is proper.

**VI.   Filing of Removal Papers**

14. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, is being served on Plaintiff's counsel contemporaneously with this filing and will be filed with the Office of the Clerk of the United States District Court for the Middle District of Florida as

provided by 28 U.S.C. § 1446(d).

15. All procedural requirements for removal under §§ 28 U.S.C. 1441 and 1446 have been satisfied and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332.

16. Defendant reserves all defenses to Plaintiff's claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including but not limited to (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party or parties; or (8) any other pertinent defense available.

17. DEFENDANT DEMANDS A TRIAL BY JURY.

DATED:     March 7, 2022

/s/ *Michael R. Holt*
MICHAEL HOLT
Florida Bar No.: 483450
E-mail: mholt@rumberger.com
docketingmiami@rumberger.com
mholtsecy@rumberger.com
LIGIANETTE CORDOVA
Florida Bar No.:  103271
E-mail: lcordova@rumberger.com
docketingmiami@rumberger.com and
lcordovasecy@rumberger.com
Rumberger, Kirk, & Caldwell, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580

*Attorneys for Defendant*